NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD GRANADOS,

Petitioner - Appellant,

v.

NETHANJAH BREITENBACH, Warden,

Respondent - Appellee.

No. 25-2385

D.C. No.
3:20-cv-00427-ART-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted August 10, 2026[**]
Reno, Nevada

Before: OWENS, FORREST, and VANDYKE, Circuit Judges.

Richard Granados ("Granados") appeals from the district court's denial of

his 28 U.S.C. § 2254 habeas petition challenging his convictions for first-degree

murder, conspiracy to commit murder, and attempted murder. We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. §§ 1291 and 2253.  As the parties are familiar with the facts, we do not recount them here.  We affirm.

1.  Granados claims that there was insufficient evidence to support a finding beyond a reasonable doubt that he committed first-degree murder and did not act in self-defense.  The jury's finding must stand if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  This court, "faced with a record of historical facts that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326.  "[W]hen we assess a sufficiency of evidence challenge in the case of a state prisoner seeking federal habeas corpus relief subject to the strictures of [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], there is a double dose of deference that can rarely be surmounted." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).

The Nevada Supreme Court reasonably applied *Jackson* in determining there was sufficient evidence for a rational jury to find beyond a reasonable doubt that the elements of first-degree murder were met.  Trial testimony indicated that Granados had a longstanding feud with one of the victims; had been harassed by the victims the morning of the shooting; drove around in search of the victims

before the shooting; and waited outside his home with a loaded firearm nearby. A reasonable jury could have concluded that Granados formed the requisite specific intent to commit murder. *See* Nev. Rev. Stat. §§ 200.010(1), 200.030(1)(a). In addition, despite Granados' claim that he acted in self-defense, the jury heard evidence that the victims were unarmed; Granados and his companions waved the victims over as they drove by; Granados never attempted to retreat and reached immediately for his gun when he saw the victims' truck turn around; Granados fired at least 22 shots; and one of the victims was shot in the back as he fled. A reasonable jury could have concluded that Granados did not act in self-defense because the killings were not "absolutely necessary" to prevent death or great bodily harm, and Granados did not "endeavor[] to decline any further struggle before the mortal blow was given." Nev. Rev. Stat. § 200.200.

2. Granados alleges that he was denied effective assistance of counsel during plea negotiations because his trial counsel failed to adequately explain plea offers, their consequences, and his likelihood of success at trial. To demonstrate ineffective assistance of counsel, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). In the context of plea negotiations, the petitioner must

3                                                                          25-2385

show, among other things, that "but for" the ineffective assistance of counsel there is a reasonable probability he would have accepted the plea. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Since this court reviews the Nevada Supreme Court's *Strickland* determination under AEDPA, "both AEDPA and *Strickland*'s deferential standards apply," making the standard "doubly deferential." *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (quoting *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam)).

The Nevada Supreme Court reasonably applied *Strickland* in determining that Granados was not denied effective assistance of counsel during plea negotiations. Granados confirmed at the start of trial that his trial counsel had relayed the state's plea offers to him, and that he had rejected them. Granados' trial counsel testified that he continuously pursued plea negotiations on Granados' behalf, conveyed all offers to Granados, and explained the offers "at length" to Granados. And Granados admitted that trial counsel urged him to take one of the offers before trial. This reasonably undermines Granados' assertion that he would have accepted an offer "but for" the alleged ineffective assistance of counsel. *See Lafler*, 566 U.S. at 164.

3. Granados alleges that "the cumulative effect of instances of error, taken together, deprived him of a fair trial." "The Supreme Court has clearly established that the combined effect of multiple trial court errors violates

25-2385

due process where it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citation omitted). "[C]umulative error warrants habeas relief only where the errors have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)).

No such errors exist here. Granados' ineffective assistance of counsel claims as a whole do not show that he received constitutionally inadequate assistance that prejudiced the result of the proceeding. *See Strickland*, 466 U.S. at 688, 694. And his insufficiency of the evidence claim was reasonably and correctly rejected by the Nevada Supreme Court. No cumulative errors rendered his trial "fundamentally unfair." *Parle*, 505 F.3d at 927. The Nevada Supreme Court's determination that "Granados has not demonstrated multiple instances of deficient performance to cumulate" was neither contrary to nor an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of evidence presented in the state court's proceedings. *See* 28 U.S.C. § 2254(d)(1)–(2).

**AFFIRMED.**